**Form 149**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**John A. Russo**
**Mary L. Russo**
    Debtor(s)

Bankruptcy Case No.: 15–22886–CMB
Issued Per Aug. 11, 2016 Proceeding
Chapter: 13
Docket No.: 44 – 34, 43
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated December 31, 2015 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $1,447 as of August 2016. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Lakeview Loan Servicing at Claim No. 2 .

☒ H.   Additional Terms: The claim of Ally Financial at Claim No. 3 governs as to amount, to be paid in full at modified plan terms.

*(2.)* **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

**A.** **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.** **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.** **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.** **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.** **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.**     After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**     Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**     Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**     Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**     The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**     In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: August 19, 2016

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 15-22886-CMB
John A. Russo                                                           Chapter 13
Mary L. Russo
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel              Page 1 of 2            Date Rcvd: Aug 19, 2016
                              Form ID: 149            Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 21, 2016.
```
db/jdb         +John A. Russo,    Mary L. Russo,    216 Euclid Avenue,    Glassport, PA 15045-1331
14090342       +Ar Resources Inc,    1777 Sentry Pkwy W,    Blue Bell, PA 19422-2206
14090343       +Capital One,    Attn: Bankruptcy,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
14090344       +Chase Card,    P.O. Box 15298,    Wilmington, DE 19850-5298
14090345       +Credit Protection Associates,    Attn: Bankruptcy,    P.O. Box 802068,    Dallas, TX 75380-2068
14090348       +NovaCare Rehabilitation,    2550 Mosside Boulevard,    Monroeville, PA 15146-3540
14222042       +PNC BANK, N.A.,    PO BOX 94982,    CLEVELAND, OHIO 44101-4982
14090350       +PNC Bank,    Attn: Bankruptcy,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4747
14090351       +PNC Bank NA,    P.O. Box 3180,    Pittsburgh, PA 15230-3180
14090349        Peoples Gas,    P.O. Box 6766,    Pittsburgh, PA 15212-0766
14090353       +Sears/CBNA,    P.O. Box 6282,    Sioux Falls, SD 57117-6282
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14175766        E-mail/Text: ally@ebn.phinsolutions.com Aug 20 2016 01:17:04     Ally Financial,
                 PO Box 130424,   Roseville MN 55113-0004
14090341       +E-mail/Text: ally@ebn.phinsolutions.com Aug 20 2016 01:17:04     Ally Financial,
                 200 Renaissance Ctr,   Detroit, MI 48243-1300
14227343       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Aug 20 2016 01:18:34     Duquesne Light Company,
                 c/o Peter J. Ashcroft,,   Bernstein-Burkley, P.C.,,   707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14090346        E-mail/Text: fnb.bk@fnfg.com Aug 20 2016 01:18:13     First Niagara Bank,   P.O. Box 514,
                 Lockport, NY 14094
14205815        E-mail/Text: fnb.bk@fnfg.com Aug 20 2016 01:18:13     First Niagara Bank, N.A.,
                 6950 South Transit Road,   PO Box 514,   Lockport NY 14095-0514
14166070       +E-mail/Text: camanagement@mtb.com Aug 20 2016 01:17:21     Lakeview Loan Servicing, LLC,
                 C/O M&T BANK,   PO BOX 1288,   Buffalo, NY 14240-1288
14166069        E-mail/Text: camanagement@mtb.com Aug 20 2016 01:17:21     M&T BANK,   PO BOX 1288,
                 Buffalo, NY 14240
14090347        E-mail/Text: camanagement@mtb.com Aug 20 2016 01:17:21     M&T Bank,   Attn: Bankruptcy,
                 1100 Wehrle Drive,   2nd Floor,   Williamsville, NY 14221
14162310       +E-mail/PDF: resurgentbknotifications@resurgent.com Aug 20 2016 01:28:42
                 PYOD, LLC its successors and assigns as assignee,   of Citibank, N.A.,
                 Resurgent Capital Services,   PO Box 19008,   Greenville, SC 29602-9008
14090352       +E-mail/PDF: gecsedi@recoverycorp.com Aug 20 2016 01:27:29     Sams Club/GEMB,
                 Attn: Bankruptcy Dept.,   P.O. Box 103104,   Roswell, GA 30076-9104
14223522        E-mail/PDF: gecsedi@recoverycorp.com Aug 20 2016 01:27:31     Synchrony Bank,
                 c/o Recovery Management Systems Corp,   25 SE 2nd Ave Suite 1120,   Miami FL 33131-1605
                                                                                              TOTAL: 11

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Duquesne Light Company
cr              Lakeview Loan Servicing, LLC
cr            ##+Peoples Natural Gas Company, LLC,   375 North Shore Drive,   Suite 600,
                 Pittsburgh, PA 15212-5866
                                                                                  TOTALS: 2, * 0, ## 1
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2016                                     Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: jhel              Page 2 of 2             Date Rcvd: Aug 19, 2016
                              Form ID: 149            Total Noticed: 22
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 19, 2016 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    Lakeview Loan Servicing, LLC agornall@goldbecklaw.com,
               bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Brian J. Bleasdale    on behalf of Debtor John A. Russo bleasdb@yahoo.com
              Brian J. Bleasdale    on behalf of Joint Debtor Mary L. Russo bleasdb@yahoo.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
               rive.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                             TOTAL: 7
```